## AKIN & AL. vs. MISSISSIPPI MARINE AND FIRE INSURANCE COMPANY.

APPEAL from the court of the first district.

MARTIN, J., delivered the opinion of the court. The plaintiffs insured in the defendants' office their goods on a voyage, from New-Orleans to Key West and Havana, on a valued policy, to the amount of $5000. When near Key West, the vessel encountered a gale, in which a considerable part of the cargo was

*The insured will recover on a valued policy, although the invoice cost of the goods be below the sum insured. If a voyage be insured to Key West and the Havana, and the ship unne-*

East'n. District.
*June*, 1826.

AKIN & AL.
*vs.*
MISSISSIPPI
MARINE AND
FIRE INSUR-
ANCE Co.

cessarily pro-
ceed to the last
place first, this
is a deviation.
  But if she did
so through bad
weather, and
the voyage to
*Key West* fail, a
recovery will be
had for a total
loss.

damaged; and the captain thought it necessary to proceed directly to the Havana, where the flour was sold : and the reduction of the price on the damaged flour, and expenses, induced the plaintiffs to abandon and claim the sum insured on a total loss. They had a judgment, and the defendants appealed.

The points insisted on in this court, are :

1. That the plaintiffs had not on board goods to the amount of the sum insured ;

2. A deviation ;

3. That the defendants are liable for a partial loss *only*, which they have ever been ready to pay.

I. The defendants admit, the plaintiffs had on board 953 barrels of flour, worth $3613. In Hodgson *vs.* Marine Insurance Company, 5 *Cranch*, 110, the supreme court of the United States held, that if a ship was valued at $10,000 and $8000 insured, the contract would not be avoided on proof that she was really worth $3000 only. The object of the valuation is, to prevent any future contest, and unless there be fraud, the party must be bound by a valuation he has assented to. The

price stated was the cost of the flour, which subsequent charges must have increased. A valuation, which would be very high at the beginning of the risk, may be very low in a subsequent period, when great additional expenses have been incurred in the transportation of it. *Phillips on Insurance, p.* 307.

II. It is clear, that if the vessel had unnecessarily proceeded to the Havana, without first going to Key West, this would be a deviation; but in the present case, the damages sustained by the vessel during the gale, rendered it necessary to abandon the intended voyage to Key West, at least for the moment: the testimony, we think, fairly establishes this fact.

III. The plea that the defendants are liable for a partial loss *only,* and not for a total one, seems a waiver of the preceding means of defence: for, if there were fraud in the valuation, or a deviation in the voyage, the insurers would not be liable to any loss, partial or total. The loss in the present case, is a total one, because the intended voyage to Key West has been necessarily abandoned, and has failed. *Phillips on Insurance, p.* 390.

Lastly, it was urged in this court, though

VOL. IV. (N. S.)          84

East'n. District.
June, 1826.

AKIN & AL.
vs.
MISSISSIPPI
MARINE AND
FIRE INSUR-
ANCE Co.

not stated in the pleadings, that flour is a *memorandum* article. There is actually a memorandum at the foot of this policy, and flour is not *expressly* mentioned in it: whether it be included under the words, " all other articles that are perishable in their nature," is a point which we have not thought ourselves at liberty to inquire into. It was certainly waived by the admission, that the defendants were liable for a partial loss; which may have prevented the plaintiffs from introducing evidence of the usage in the port.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Peirce* for the plaintiffs, *Livermore* for the defendants.